Clifford P. Bendau, II (030204)
THE BENDAU LAW FIRM PLLC
6350 East Thomas Road, Suite 330
Scottsdale, Arizona 85251
Telephone: (480) 296-7887
Facsimile: (480) 429-3679
Email: cliffordbendau@bendaulaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Bernie Mullikin and Kevin Nelson,<br><br>                    Plaintiffs,<br><br>vs.<br><br>Money Sodhi L.L.C. d/b/a 4one4 Pub & Pizza, NYSBV Investment, L.L.C. d/b/a Gus Pizza Lounge, Sarbjit Singh Sodhi, Vinubhai B. Patel, Dayaben V. Patel, Sawarndip Singh,<br><br>                    Defendants. | No. _____<br><br>**COMPLAINT** |

COME NOW Plaintiffs, Bernie Mullikin and Kevin Nelson (collectively, "Plaintiffs"), individually, by and through the undersigned attorney and sue the Defendants, Money Sodhi L.L.C. d/b/a 4one4 Pub & Pizza, NYSBV Investment, L.L.C. d/b/a Gus Pizza Louge, Sarbjit Singh Sodhi, Vinubhai B. Patel, Dayaben V. Patel, and Sawarndip Singh (collectively, "Defendants"), and Plaintiffs allege as follows:

**PRELIMINARY STATEMENT**

1.  This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

-1-

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees an overtime rate of pay for all time spent working in excess their regular 40 hour workweeks. See 29 U.S.C. § 207(a). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40 hour workweeks. See 29 U.S.C. § 206(a). The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit." See id. § 203(m).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. This civil action arises under the Constitution and law of the United States.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

5. At all material times, Plaintiffs are individuals residing in Maricopa County, Arizona, and are former employees of Defendants.

6. At all material times, Defendant Money Sodhi L.L.C. was a limited liability company duly licensed to transact business in the State of Arizona, and does business as 4one4 Pub & Pizza. Defendant Money Sodhi L.L.C. does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

7. At all material times, Defendant NYSBV Investment, L.L.C. was a limited liability company duly licensed to transact business in the State of Arizona, and does business as Gus Pizza Lounge. Defendant NYSBV Investment, L.L.C. does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

8. At all relevant times, Plaintiffs were employees of Money Sodhi L.L.C. At all relevant times, Defendant Money Sodhi L.L.C., acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendant Money Sodhi L.L.C. In any event, at all relevant times, Defendant Money Sodhi L.L.C. was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiffs.

9. At all relevant times, Plaintiffs were employees of NYSBV Investment, L.L.C. At all relevant times, Defendant NYSBV Investment, L.L.C., acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained

-3-

employment records in connection with Plaintiffs' employment with Defendant NYSBV Investment, L.L.C. In any event, at all relevant times, Defendant NYSBV Investment, L.L.C. was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiffs.

10. At all relevant times, Defendant Sarbjit Singh Sodhi owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Money Sodhi L.L.C. At all relevant times, Defendant Sarbjit Singh Sodhi had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Money Sodhi L.L.C. In any event, at all relevant times, Defendant Sarbjit Singh Sodhi was an employer subject to the FLSA and employed Plaintiff.

11. Upon information and belief, Defendant Sarbjit Singh Sodhi was and continues to be a resident of Maricopa County, Arizona.

12. Jane Doe Sodhi is the fictitious name for Defendant Sarbjit Singh Sodhi's spouse. When her true name has been ascertained, this Complaint shall be amended accordingly. Sarbjit Singh Sodhi and Jane Doe Sodhi have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

13. At all relevant times, Defendant Vinubhai B. Patel owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in NYSBV Investment, L.L.C. At all relevant times, Defendant Vinubhai B. Patel had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment

records in connection with Plaintiffs's Employment with NYSBV Investment, L.L.C. In any event, at all relevant times, Defendant Vinubhai B. Patel was an employer subject to the FLSA and employed Plaintiffs.

14. Upon information and belief, Defendant Vinubhai B. Patel was and continues to be a resident of Maricopa County, Arizona.

15. Jane Doe Patel is the fictitious name for Defendant Vinubhai B. Patel's spouse. When her true name has been ascertained, this Complaint shall be amended accordingly. Vinubhai B. Patel and Jane Doe Patel have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

16. At all relevant times, Defendant Dayaben V. Patel owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in NYSBV Investment, L.L.C. At all relevant times, Defendant Dayaben V. Patel had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs's Employment with NYSBV Investment, L.L.C. In any event, at all relevant times, Defendant Dayaben V. Patel was an employer subject to the FLSA and employed Plaintiff.

17. Upon information and belief, Defendant Dayaben V. Patel was and continues to be a resident of Maricopa County, Arizona.

18. Jane Doe Patel is the fictitious name for Defendant Dayaben V. Patel's spouse. When her true name has been ascertained, this Complaint shall be amended

accordingly. Dayaben V. Patel and Jane Doe Patel have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

19. At all relevant times, Defendant Sawarndip Singh owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Money Sodhi L.L.C. and NYSBV Investment, L.L.C. At all relevant times, Defendant Sawarndip Singh had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Money Sodhi, L.L.C. and NYSBV Investment, L.L.C. In any event, at all relevant times, Defendant Sawarndip Singh was an employer subject to the FLSA and employed Plaintiffs.

20. Upon information and belief, Defendant Sawarndip Singh was and continues to be a resident of Maricopa County, Arizona.

21. Jane Doe Singh is the fictitious name for Defendant Sawarndip Singh's spouse. When her true name has been ascertained, this Complaint shall be amended accordingly. Sawarndip Singh and Jane Doe Singh have caused events to take place giving rise to this Complaint to which their marital community is fully liable.

22. At all relevant times, Plaintiffs were "employees" of Money Sodhi, L.L.C d/b/a 4one4 Pub & Pizza, NYSBV Investment, L.L.C. d/b/a Gus Pizza Lounge, Sarjbit Singh Sodhi, Vinubhai B. Patel, Dayaben V. Patel, and Sawarndip Singh as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

23. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Money Singh L.L.C, NYSBV Investment, L.L.C, Sarjbit Singh Sodhi, Vinubhai B. Patel, Dayaben V. Patel, and Sawarndip Singh.

24. At all relevant times, Money Sodhi, L.L.C, NYSBV Investment, L.L.C, Sarjbit Singh Sodhi, Vinubhai B. Patel, Dayaben V. Patel, and Sawarndip Singh were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

25. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

26. Plaintiffs, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## **NATURE OF THE CLAIM**

27. Defendants own and/or operate as Money Sodhi, L.L.C, an enterprise located in Maricopa County, Arizona.

28. Defendants own and/or operate as NYSBV Investment, L.L.C, an enterprise located in Maricopa County, Arizona.

29. Plaintiff Bernie Mullikin had worked as a tipped employee for Defendants in Maricopa County, Arizona for approximately four months.

30. Plaintiff Bernie Mullikin was hired on approximately September 1, 2014 and ceased employment with Defendants approximately Janurary 6, 2015.

31. Plaintiff Kevin Nelson had worked as a tipped employee for Defendants in Maricopa County, Arizona for approximately five months.

32. Plaintiff Kevin Nelson was hired on approximately September 1, 2014 and ceased employment with Defendants approximately Janurary 31, 2015.

33. Pursuant to the FLSA, 29 U.S.C. § 203(m), and Arizona wage and hour law, employers may impose a tip credit on their tipped employees' wages of up to $3.00 per hour, on the condition that, among other requirements, such employees have been informed by the employer of the provisions of 29 U.S.C. § 203(m).

34. Defendants failed to inform Plaintiffs of the provisions of 29 U.S.C. § 203(m) at any time over the duration of their employment with Defendants. As such, Defendants were not entitled to impose any tip credit upon Plaintiff's wages, and Defendants should have therefore paid the full Arizona minimum wage to Plaintiffs for all time Plaintiffs worked during the course of their regular 40-hour workweeks.

35. As such, full minimum wage for such time is owed to Plaintiffs for the entire time they were employed by Defendants.

36. For the entire duration of Plaintiff Bernie Mullikin's employment with Defendants, Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

37. As a result of Defendants' failure to pay time and a half to Plaintiff Bernie Mullikin for hours worked over forty (40) hours per week, Defendants violated 29 U.S.C. § 207(a).

38. As such, Defendants must pay Plaintiff Bernie Mullikin one-and-one-half times his regular rate of pay for work he performed for Defendants in excess of his regular 40-hour workweek.

39. Plaintiffs are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

40. Plaintiffs were non-exempt employees.

41. Defendants refused and/or failed to properly disclose to or apprise Plaintiffs of their rights under the FLSA.

42. Defendants engaged in the regular practice of willfully failing to pay Plaintiffs the applicable minimum wage for all time that Defendants suffered or permitted Plaintiffs to work.

43. As a result of Defendants' willful failure to pay Plaintiffs the applicable minimum wage for all time worked, Defendants paid Plaintiffs less than the applicable minimum wage rate for such work that Plaintiffs performed over the course of plaintiffs regular workweeks.

44. Defendants engaged in the regular practice of failing to accurately, if at all, record the time during which Defendants suffered or permitted Plaintiffs to work. As such, Plaintiffs' time records, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiffs to work.

45. As a result of Defendants' willful failure to compensate Plaintiffs the applicable minimum wage rate for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

46. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiffs the applicable minimum wage for all time the Defendants suffered or permitted Plaintiffs to work, would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

47. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' work and wages at all relevant times.

48. Due to Defendants' illegal wage practices, Plaintiffs are entitled to recover from Defendants compensation for unpaid wages, an additional equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

49. Plaintiffs have retained The Bendau Law Firm, PLLC to represent them in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PROVIDE NOTICE OF TIP CREDIT TO PLAINTIFFS**

50. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

51. During each and every workweek that Plaintiff's worked for Defendants, Defendants intentionally failed and/or refused to inform Plaintiffs of the provisions of the "tip credit" and 29 U.S.C. § 203(m) and its supporting regulations.

52. Defendants intentionally failed and/or refused to pay Plaintiffs the full minimum wage according to the provisions of the FLSA for each and every workweek that

-10-

Plaintiffs worked for Defendants, for the duration of her employment, in violation of 29 U.S.C. § 206(a).

53. As such, full applicable minimum wage for such time Plaintiffs worked is owed to Plaintiffs for the entire time they were employed by Defendants.

54. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiffs the full minimum wage over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

55. Plaintiffs are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs Bernie Mullikin and Kevin Nelson, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants Money Sodhi L.L.C., NYSBV Investment, L.L.C., Sarbjit Singh Sodhi, Vinubhai B. Patel, Dayaben V. Patel, and Sawarndip Singh for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT TWO: FAIR LABOR STANDARDS ACT
## FAILURE AND/OR REFUSAL TO PAY OVERTIME

56. Plaintiff Bernie Mullikin realleges and incorporates by reference all allegations in all preceding paragraphs.

57. At all relevant times, Defendants have been and continue to be employers and enterprise engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and (s), respectively.

58. At all relevant times, Defendants employed Plaintiff Bernie Mullikin, and he was employed by Defendants, within the meaning of the FLSA, 29 U.S.C. §§ 203(e) and (g), respectively.

59. While employed by Defendants, Plaintiff Bernie Mullikin regularly and consistently worked multiple hours of overtime per week, and Defendants did not pay to Plaintiff one-and-one-half times his regular rate of pay.

60. As a result, Defendants have intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

61. Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff Bernie Mullikin in accordance with 29 U.S.C. § 207.

62. For example, during the workweek beginning October 6, 2014, Plaintiff Bernie Mullikin was scheduled, and worked, for more than 40 hours. Defendant failed and/or refused to compensate Plaintiff Bernie Mullikin at one-and-one-half times his regular rate of pay for all time he worked in excess of forty (40) hours.

63. Plaintiff Bernie Mullikin believes and therefore avers that Defendants owe him similar unpaid overtime wages for all other pay periods for the duration of his employment.

64. Additionally, while employed by Defendants, Defendants regularly and consistently suffered or permitted Plaintiff to work overtime hours outside of normal business hours and on weekends, yet Defendants did not pay Plaintiff Bernie Mullikin any wage whatsoever for such time he worked. As a result, Defendants additionally failed or refused to compensate Plaintiff Bernie Mullikin one-and-one-half times his regular rate of pay for hours he worked outside of normal business hours and on weekends.

65. As a result, Defendants have intentionally failed and/or refused to pay Plaintiff Bernie Mullikin overtime according to the provisions of the FLSA.

66. Although at this stage, Plaintiff Bernie Mullikin is unable to state the exact amount owed for all time worked during the course of his employment, Plaintiff Bernie Mullikin believes that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

67. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff Bernie Mullikin over the course of his employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

68. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff Bernie Mullikin a wage equal to one and one half times Plaintiff's regular rate of pay for all time spent performing labor for Defendants in excess of his regular 40-hour workweek.

69. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

70. Plaintiff Bernie Mullikin, in his work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

71. As a result of Defendants failure or refusal to pay Plaintiff Bernie Mullikin a wage equal to one and one half times Plaintiff's regular rate of pay for work he performed for Defendants in excess of his regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a). Plaintiff Bernie Mullikin is therefore entitled to compensation of one-and-one-half times his regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Bernie Mullikin, individually, respectfully requests that this Court grant relief in Plaintiff's favor, and against Defendants Money Sodhi L.L.C., NYSBV Investment, L.L.C., Sarbjit Singh Sodhi, Vinubhai B. Patel, Dayaben V. Patel, and Sawarndip Singh for overtime compensation in the amount due to him for all of Plaintiff's time worked in excess of forty (40) hours per work week at an amount equal to one-and-one-half times Plaintiff's regular rate while working for Defendants, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney

1  fees, costs, and disbursements of this action, and any additional relief this Court deems just
2  and proper.

### JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 31st Day of July 2015.

                                                                THE BENDAU LAW FIRM, PLLC

                                                                By: /s/ *Clifford P. Bendau, II*
                                                                   Clifford P. Bendau, II
                                                                   Attorney for Plaintiff