**EXHIBIT A**

<u>SETTLEMENT AGREEMENT and GENERAL RELEASE</u>
<u>Delivered October 30, 2015</u>

THIS SETTLEMENT AGREEMENT and GENERAL RELEASE (hereinafter this "Agreement") is entered into by and between **Bernie Mullikin and Kevin Nelson** (hereinafter "MULLIKIN and NELSON"), on the one hand, and **Money Sodhi L.L.C.** and all of its predecessors, successors, affiliates and related entities, managers, members and owners (collectively, "Employer"), on the other hand.

WHEREAS, MULLIKIN and NELSON were previously employed by Employer in various capacities (the "Employment"), and

WHEREAS, MULLIKIN and NELSON filed a lawsuit against **Money Sodhi L.L.C. d/b/a 4one4 Pub & Pizza, NYSBV Investment, L.L.C. d/b/a Gus Pizza Lounge, Sarbjit Singh Dodhi, Vinubhai B. Patel, Dayaben V. Patel, Sawarndip Singh** (collectively, "Defendants") in the United States District Court, District of Arizona (Case No. 2:15-cv-01476-SMM) alleging claims for unpaid minimum wage and overtime, all of which DEFENDANTS have denied (hereinafter collectively referred to as the "Disputes" or the "Lawsuit"); and

WHEREAS, DEFENDANTS and MULLIKIN and NELSON desire to settle, compromise, and resolve the Disputes and any and all potential differences between them without the burden, expense, and delay of further litigation, and without admission of any fault or liability by DEFENDANTS or MULLIKIN and NELSON;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained, and for other good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, Employer and MULLIKIN and NELSON voluntarily and knowingly agree as follows:

1. **Definitions.** For the purposes of this entire Agreement, the term "DEFENDANTS" includes each Defendant as defined above and to the extent applicable, as direct, intended, and third party beneficiaries hereof, its past, present, and future officers, members, employees, representatives, trustees, administrators, fiduciaries, attorneys, insurers, agents, subsidiaries, affiliated entities, board members, predecessors, successors, heirs, and assigns, jointly and severally, in both their personal and official capacities (collectively "Released Parties"). For the purposes of this entire Agreement, the term "MULLIKIN and NELSON" shall refer to BERNIE MULLIKIN and KEVIN NELSON and any community or other marital interests of theirs, if any.

2. **Consideration.** Employer shall pay MULLIKIN and NELSON and their counsel the total sum of **Twelve Thousand Five Hundred Dollars ($12,500)**, to which they would not be entitled but for their agreement to the terms and

conditions of this Agreement. The form of payment shall be in five checks sent to their attorney of record, Clifford P. Bendau, II of The Bendau Law Firm PLLC, allocated as follows:

    a.   The first check shall be made payable to "Bernie Mullikin" for the sum of $2,217.19. This amount shall be allocated to the settlement of the disputed claim for unpaid wages, and subject to all applicable state and federal income and employment taxes.

    b.   The second check shall be made payable to "Kevin Nelson" for the sum of $352.66. This amount shall be allocated to the settlement of the disputed claim for unpaid wages, and subject to all applicable state and federal income and employment taxes.

    c.   The third check shall be made payable to "Bernie Mullikin" for the remaining sum of $2,217.19. Employer will not withhold monies from the payment for federal or state income or withholding taxes, because the payment is not in the nature of wages and will be allocated to the disputed claim for costs and attorney's fees. Employer or its representative will issue a 1099 Form to Bernie Mullikin and the applicable taxing authorities as to this payment.

    d.   The fourth check shall be made payable to "Kevin Nelson" for the remaining sum of $352.66. Employer will not withhold monies from the payment for federal or state income or withholding taxes, because the payment is not in the nature of wages and will be allocated to the disputed claim for costs and attorney's fees. Employer or its representative will issue a 1099 Form to Kevin Nelson and the applicable taxing authorities as to this payment.

    e.   The fifth check shall be made payable to "The Bendau Law Firm PLLC" for the remaining sum of $7,360.30, representing attorney fees and costs incurred in this action. Employer or its representative will issue a 1099 Form to The Bendau Law Firm PLLC and the applicable taxing authorities as to this payment.

    f.   MULLIKIN and NELSON acknowledge that the payments described in 2(a)-(e) above, once received by The Bendau Law Firm PLLC, shall be sufficient consideration for the releases and other terms and conditions of this Agreement, and that they have no further claim for any payment related to the Lawsuit or any claims against Defendants. MULLIKIN and NELSON also acknowledge that they will be exclusively liable for the payment of all federal, state, and local taxes, if any, which may be owed as a result of the monetary consideration paid pursuant to this

2

Agreement. In addition, if DEFENDANTS are required at any time to pay any taxes or other amounts, including, without limitation, penalties or interest or attorneys' fees on account of any failure to pay taxes on such payment, MULLIKIN and NELSON agree to indemnify DEFENDANTS and hold them harmless from any penalties, claims, lawsuits, attorneys' fees, and expenses.

3.      **Release.**      MULLIKIN and NELSON hereby irrevocably and unconditionally release and discharge Employer, DEFENDANTS and the other Released Parties from, and hereby waives, any and all claims, demands, liens, agreements, covenants, actions, suits at law or equity, obligations, debts, damages, judgments, liabilities, attorneys' fees, costs, and expenses of whatever kind, known or unknown, suspected or unsuspected, which they had or have based on any matter or thing occurring prior to the date they sign this Agreement, including but not limited to claims which were or could have been asserted in the Lawsuit or claims that arise from or relate to their Employment or the termination of their Employment. The released claims include, but are not limited to, any claims arising under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Fair Labor Standards Act, the Civil Rights Act of 1991, the Equal Pay Act, the Americans With Disabilities Act, the Family and Medical Leave Act, the Arizona Civil Rights Act, the Arizona Employment Protection Act, any Arizona wage payment statute (including A.R.S. 23-350 *et. seq.*), all claims for breach of contract, wrongful discharge or layoff, constructive discharge, retaliatory discharge, payment or non-payment of any wages or expenses, impairment of economic opportunity, intentional or negligent infliction of emotional harm, distress, or any other tort, including but not limited to defamation, invasion of privacy, intentional interference with contract or prospective advantage, violation of any constitutional right, sex discrimination, race discrimination, disability discrimination, age discrimination, or any other form of employment discrimination or retaliation, and any and all claims arising from any alleged violations by or on behalf of the DEFENDANTS under every applicable federal, state, or local law, rule, regulation, ordinance, public policy or common law.

MULLIKIN and NELSON understand and acknowledge that this release forever bars them from suing or otherwise asserting or recovering from a claim against DEFENDANTS or the other Released Parties on the basis of any event occurring up to the time they sign this Agreement, whether the facts are now known or unknown, and whether the legal theory upon which such claim might be based is now known or unknown.

4.      **Acknowledgement of Prior Full Payment.**      MULLIKIN and NELSON acknowledge and affirm that MULLIKIN and NELSON reported all hours worked during their employment with Employer and have been paid and/or have received all compensation, wages, bonuses, commissions, leave hours, and/or benefits to which they were entitled, at appropriate minimum or overtime rates, as a result of their employment with Employer.

3

5.    **Provision for Unknown Claims.** MULLIKIN and NELSON warrant that, other than the Lawsuit, they do not have any claim or charge pending against DEFENDANTS or any of the other Released Parties with any court, tribunal, administrative agency, governmental agency, or other such body.

6.    **Waiver of Right to Recovery and No Inducement.** MULLIKIN and NELSON waive any right to monetary recovery should any administrative agency pursue any released claim on their behalf or on behalf of any class in which they are a member. To the extent permitted by law, and/or unless required by law, MULLIKIN and NELSON agree that they will not induce, aid, or abet anyone in instituting or prosecuting any pending or future claim against DEFENDANTS or any other Released Party in any court, arbitral tribunal, or administrative agency; provided, however, that nothing in this Agreement shall inhibit MULLIKIN and NELSON's participation by truthful testimony before any such tribunal.

7.    **Dismissal of Lawsuit and Motion for Court Approval.** MULLIKIN and NELSON agree that, upon request by DEFENDANT's counsel, and as a condition precedent for receipt of the consideration outlined in paragraph 2, they authorize and shall cause their attorney (a) to stipulate or consent to a joint motion for court approval of the settlement of the Lawsuit documented in this Agreement, and/or (b) to stipulate to the dismissal of all of their claims in the Lawsuit against all Defendants with prejudice, with the parties to bear their own attorneys' fees and costs, if not otherwise dismissed by the Court. DEFENDANT's and Employer's performance of any obligation under this Agreement is contingent upon the Court's granting orders on the stipulation or stipulations described in this Paragraph.

8.    **Consultation with Legal Counsel.** MULLIKIN and NELSON acknowledge that this Agreement constitutes written notice from DEFENDANTS that it advises them to seek legal counsel before signing this Agreement, and MULLIKIN and NELSON acknowledge that they are represented by competent counsel for this purpose.

9.    **Notice of Time for Reflection.** MULLIKIN and NELSON acknowledge that neither of them have reached the age of 40 years old as of the date of execution of this agreement. They further acknowledge that they have fully discussed all aspects of this Agreement with their attorney to the extent they wish to do so. MULLIKIN and NELSON agree that they have carefully read and fully understand all of the provisions of this Agreement and that they are voluntarily entering into this Agreement. MULLIKIN and NELSON agree that, as part of this Agreement, they have been provided with consideration in addition to anything of value to which they are already entitled. MULLIKIN and NELSON are advised that they may take up to ten (10) days to consider whether to sign this Agreement, and if they do not sign it within this time period, the offer of the Agreement will be deemed withdrawn.

4

10.   **Effective Date of Agreement.** This Agreement will be effective upon endorsement by all parties and entry of an order by the Court in the Lawsuit approving the parties' settlement and dismissing the Lawsuit with prejudice.

11.   **Confidentiality.** MULLIKIN and NELSON agree that they will not, except as required by law, disclose the terms of this Agreement, or the negotiations leading up to this Agreement, except that MULLIKIN and NELSON may disclose the terms of this Agreement and the negotiations leading up to this Agreement to their spouse, attorney or tax or financial advisor (provided they are informed of and agree to abide by the confidentiality restriction). The parties acknowledge that a breach of this confidentiality provision will constitute a material breach of this Agreement, except that no severable breach of this provision shall affect the full enforceability of the waivers and releases stated in Section 3.

12.   **Full Consideration.** MULLIKIN and NELSON agree that payment by Employer of consideration as stated in Section 2, as well as compliance with the above described terms, constitute full and sufficient legal consideration for the promises and covenants set forth in this Agreement.

13.   **Contact by Third Party.** In the event that any of the Defendants is contacted by any third party (prospective employer, lender, for example) of MULLIKIN or NELSON, Employer shall disclose only MULLIKIN or NELSON's respective dates of employment and position(s) held, and will not make any disparaging remarks against MULLIKIN or NELSON.

14.   **Non-Disparagement.** MULLIKIN and NELSON understand and agree not to make any statement at anytime in the future to any person or entity, or in any electronic form (Internet posting, blog, etc.) which is disparaging of the business, reputation, competence, or good character of DEFENDANTS, officers, directors or employees, or which, if publicized, would cause humiliation or embarrassment, or cause the public to question the business condition, integrity, competence, or good character of DEFENDANTS, or its officer, director or employee.

15.   **No Admission of Wrongdoing.** The parties each agree that nothing in this Agreement (nor in the offer of this Agreement) shall be construed as an admission by any of them of any wrongdoing or violation of any applicable law, and that nothing in this Agreement shall be so construed by any other person.

16.   **Bar.** MULLIKIN and NELSON specifically agree that this Agreement may be pleaded by DEFENDANTS or any of the other Released Parties as an absolute bar to any released claim.

17.   **Complete Agreement.** This Agreement sets forth all of the terms and conditions of the agreement between the parties and shall be considered and understood to be a contractual commitment and not a mere recital. This Agreement shall be binding upon Employer and its successors and assigns, and upon MULLIKIN

and NELSON and their respective agents, community interests, heirs, executors, representatives, and assigns.

18.   **Fees and Costs.**  Each party shall bear and pay their or its own costs and attorneys' fees with regard to this Agreement and any matters covered herein.

19.   **Waiver and Amendment.**   A waiver of any right under this Agreement must be in writing to be effective.  This Agreement may be amended only by a writing signed by the parties.   Any oral representation or modification concerning this Agreement shall be of no force or effect.

20.   **Severability.**   If any portion of this Agreement is held invalid by operation of law, the remaining terms of this Agreement shall not be affected, provided, however, that if any part of the release in paragraph 3 of this Agreement is held invalid, Employer shall have the right to seek rescission of this Agreement and will be entitled to recovery of the consideration described in Paragraph 2.

21.   **Choice of Law.**  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either of the parties.  This Agreement shall be governed by and construed in accordance with the laws of the State of Arizona as applies to transactions occurring entirely within Arizona among Arizona residents, except to the extent that federal laws apply.

22.   **Representations and Warranties regarding Medicare.** MULLIKIN and NELSON warrant that they are not, and have never been, a beneficiary of Medicare as of the effective date of this Agreement.  MULLIKIN and NELSON further acknowledge and agree that they have not incurred medical expenses for any physical or emotional injuries that were allegedly caused by DEFENDANTS. Nonetheless, if the Centers for Medicare & Medicaid Services (the "CMS") (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment made by DEFENDANTS under this Agreement, MULLIKIN and NELSON agree to indemnify, defend, and hold Employer harmless from any action by the CMS relating to medical expenses of MULLIKIN and NELSON.  MULLIKIN and NELSON also agree to reasonably cooperate with DEFENDANTS upon request with respect to any claim the CMS may make and for which MULLIKIN and NELSON are required to indemnify DEFENDANTS under this Section.  Further, MULLIKIN and NELSON agree to waive any and all future actions against DEFENDANTS for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

23.   **Successors and Assigns.**  This agreement shall inure to the benefit of and be enforceable by the parties' respective heirs, successors and assigns.

6

24.   **Counterparts.**  This Agreement may be executed in counterparts, which, taken together, shall represent a fully executed original. A facsimile or digitally reproduced signature may be deemed an original.

25.   **Acknowledgement.**  MULLIKIN and NELSON acknowledge that in executing this Agreement, they do not rely on any inducements, promises, or representations made by DEFENDANTS other than those expressly stated herein. Further, MULLIKIN and NELSON declare that they have read this Agreement and fully understand its terms and contents, including their rights and obligations hereunder, and freely, voluntarily, and without coercion enter into this Agreement. MULLIKIN and NELSON agree and acknowledge that the waiver and release of all rights or claims they may have under any local, state, or federal law is knowing and voluntary.

Acknowledged and Agreed:

_____        _____
**BERNIE MULLIKIN**              **KEVIN NELSON**

Dated: 11-3-15                   Dated: 11-3-15

**Money Sodhi L.L.C. d/b/a 4one4 Pub & Pizza**

By _____
Its _____
Dated: _____

7

APPROVED AS TO FORM ONLY
BY:

NYSBV Investment, L.L.C. d/b/a
Gus Pizza Lounge

By _____
Its _____ Mgr member
Dated: _____
       11-4-15

_____        _____
Sarbjit Singh Sodhi             Vinubhai B. Patel

Dated: 11-04-15                 Dated: 11-04-15

_____        _____
Dayaben V. Patel                Sawarndip Singh

Dated: 11-04-15                 Dated: 11-04-15

4853-0850-0266, v. 3

8