# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bernie Mullikin, et al., | No. CV-15-01476-PHX-SMM |
| Plaintiffs, | **ORDER** |
| v. | |
| Money Sodhi LLC, et al., | |
| Defendants. | |

Pending before the Court is the parties' Joint Motion for Approval of Settlement and Dismissal with Prejudice. (Doc. 13.) The Court has reviewed the settlement agreement and will grant the parties' motion.

Plaintiffs Bernie Mullikin and Kevin Nelson filed this case under the Fair Labor and Standards Act ("FLSA") and applicable Arizona minimum wage law. They contend that Defendant, their former employer, (1) failed to provide adequate notice to Plaintiffs of the tip credit thereby making the credit against minimum wage unavailable to Defendants, and (2) failed to pay Plaintiff Mullikin his overtime rate for hours worked in excess of 40 hours during certain workweeks. (Doc. 13 at 2.) Defendants deny any wrongdoing, but in an effort to avoid the costs and uncertainty of further litigation, the parties negotiated a settlement agreement.

Under the reasoning set forth in Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982), there are only two ways in which back wage claims

under the FLSA can be settled or compromised by employees.[1]  One, pursuant to 29 U.S.C. § 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages they are owed. Id. at 1353.  The second way is provided in the context of litigation brought directly by employees against their employer pursuant to § 216(b) to recover back wages. Id.  When an employee brings a private action for back wages and presents to the district court a proposed settlement, the district court "may enter a stipulated judgment after scrutinizing the settlement for fairness." Id.

Outside of the FLSA context, the Court normally does not rule on a private settlement agreement negotiated between the parties.  However, because this is a FLSA action against Defendants, the parties must seek approval of their settlement agreement in order to ensure its enforceability.  The Court may approve the settlement if it is a fair and reasonable compromise of the issues.

The Court has reviewed the proposed Settlement Agreement for $12,500 and finds that the settlement is a fair and reasonable resolution of the issues. The parties expected that even if liability were established, due to the nature of the present claims, determining damages would be a difficult endeavor. The Court finds that the settlement amount, however, both reflects the relatively short duration of Plaintiffs' employment with Defendant and it also adequately compensates Plaintiffs' counsel for his services. Therefore, the Court will approve the settlement agreement between the parties and enter a stipulated judgment of dismissal of this case.

Accordingly,

**IT IS HEREBY ORDERED** granting the parties' Joint Motion for Court to Approve Settlement. (Doc. 13.)  The Settlement Agreement reached by the parties is approved in all respects. (Doc. 13-1.) The Clerk of Court shall dismiss all of Plaintiffs'

---

[1] While the Ninth Circuit has not specifically addressed this issue, district courts in the Ninth Circuit have followed the reasoning set forth in Lynn's Food Stores. See, e.g., Ambrosino v. Home Depot U.S.A., Inc., No. CV 11-1319, 2014 WL 3924609 (S.D. Cal. Aug. 11, 2014); Hand v. Dionex Corp., No CV 06-1318, 2007 WL 3383601 (D. Ariz. Nov. 13, 2007).

claims with prejudice.

Dated this 18th day of November, 2015.

Honorable Stephen M. McNamee
Senior United States District Judge